UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

October 8, 2019

LETTER TO COUNSEL:

  RE: *Renee G. v. Andrew M. Saul, Commissioner of Social Security*[1]
    Civil No. TJS-19-0034

Dear Counsel:

  On January 4, 2019, Plaintiff Renee G.[2] petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI") and disability insurance benefits ("DIB"). (ECF No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 11 & 12.) These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[3] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

  In her applications for SSI and DIB, Renee G. alleged a disability onset date of April 1, 2014. (Tr. 16.) Her applications were denied initially and on reconsideration. (*Id.*) A hearing was held before an Administrative Law Judge ("ALJ") on May 23, 2017 (Tr. 28-50), and the ALJ found that Renee G. was not disabled under the Social Security Act (Tr. 16-23). The Appeals Council denied Renee G.'s request for review (Tr. 1-5), making the ALJ's decision the final, reviewable decision of the agency.

  The ALJ evaluated Renee G.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Renee G. had not engaged in substantial gainful activity since April 1, 2014, the alleged onset date. (Tr. 18.) At step two, the ALJ found that Renee G. suffered from the following severe impairments: human

---

  [1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. He is, therefore, substituted as Defendant in this matter. *See* Fed. R. Civ. P. 25(d); 42 U.S.C. § 405(g).

  [2] On October 10, 2018, the Court's bench adopted a local practice of using the first name and last initial of non-government parties in Court-issued opinions in Social Security cases. This practice is designed to shield the sensitive personal information of Social Security claimants from public disclosure.

  [3] This case was originally assigned to Judge Stephanie A. Gallagher. On September 10, 2019, the case was reassigned to me.

immunodeficiency virus (HIV), status-post nephrectomy. (*Id.*) At step three, the ALJ found Renee G.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). (Tr. 20.) The ALJ determined that Renee G. retained the residual functional capacity ("RFC") "to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except she can interact with the public, supervisors, coworkers, and peers frequently." (*Id.*)

At step four, the ALJ determined that Renee G. can perform past relevant work as a billing clerk. (Tr. 22.) Because the ALJ found that Renee G. could perform past relevant work, the ALJ concluded that she was not disabled under the Social Security Act. (Tr. 22-23.)

Renee G. raises two arguments in this appeal. First, she argues that "[n]either the ALJ nor the [vocational expert] proved that [Renee G.] could perform her past relevant work as a processing clerk for a life insurance company." (ECF No. 11-1 at 6-9.) Second, she argues that the "ALJ's finding on [Renee G.'s] mental impairment is internally inconsistent. (*Id.* at 9-10.) Neither of these arguments have merit.

Renee G. first argues that the ALJ erroneously found that she was capable of performing past relevant work. At step four, the ALJ must determine whether the claimant has performed past relevant work, what the work consisted of, and whether the claimant retains the RFC to continue performing the past relevant work. In making this determination, the ALJ is required to follow the three-step analysis outlined in Social Security Ruling 82-62. SSR 82-62, 1982 WL 31386, at *4 (1982). ALJs are permitted to rely on the testimony of vocational experts to determine whether a person with the claimant's RFC could perform the claimant's past relevant work. *See, e.g., Wilson v. Califano*, 617 F.2d 1050, 1054 (4th Cir. 1980)

Here, the ALJ relied on the testimony of a vocational expert ("VE"). The VE testified that Renee G. was a "billing clerk in insurance companies" for her entire career. (Tr. 41.) The VE testified that Renee G.'s past relevant work as a billing clerk corresponded with Dictionary of Occupational Titles ("DOT") number 214.382-014, which lists the position at the sedentary exertional level and classifies it at the SVP 4, semiskilled level. (*Id.*) The VE's testimony regarding the substance of DOT number 214.382-014 ("Billing Typist") matches the information listed in the DOT for this position.

The ALJ found that the "physical and mental demands" of Renee G.'s past work did not exceed her RFC. (Tr. 22.) Accordingly, the ALJ concluded that Renee G. could her perform past relevant work. (*Id.*)

Renee G. argues that, for several reasons, the ALJ should not have concluded that she could perform her past relevant work. First, she argues that the ALJ never asked her if she could perform the work. But there is no requirement that an ALJ ask a claimant whether they believe they are capable of performing past relevant work, let alone a requirement that an ALJ credit their testimony on this point.

Second, she argues that her treating psychiatrist, Dr. Hsu, found that she was incapable of performing any work and that the ALJ should have accepted this opinion. ALJs must "evaluate

every medical opinion" presented to them, "regardless of its source." *Id.* With regard to the medical opinions of treating physicians, the regulations provide:

> If we find that a treating source's medical opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight.

20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If a treating source's medical opinion is not assigned controlling weight, an ALJ must consider several factors in determining the weight to give the opinion: (1) the length of the treatment relationship, including its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. *Id.* §§ 404.1527(c), 416.927(c).

An ALJ is permitted to give little weight to the opinion of a treating physician if there is persuasive contrary evidence, *see Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992), but the ALJ must discuss any contrary evidence with specificity so that a reviewing court can conduct a meaningful review. *Monroe*, 826 F.3d at 191. Here, the ALJ did just that. The ALJ properly gave little weight to Dr. Hsu's opinion. (Tr. 22.) The ALJ found that Dr. Hsu's opinion (that Renee G. had marked and extreme limitations in social functioning and concentration, persistence, and pace) was inconsistent with specific evidence in the record that showed only non-severe mental limitations, including the opinions and treatment records of Dr. Karpers and Dr. Smith. (*Id.*)

Third, Renee G. argues that the ALJ incorrectly identified a job listing in the DOT that does not exist for her past relevant work. In the ALJ's decision, the ALJ stated that Renee G. could perform "past relevant work as a Billing Clerk (D.O.T.#: 214.382-084, sedentary, SVP 4)." But no such position exists in the DOT at number 214.382-084. It is clear from the record, including the VE's testimony, that the ALJ meant to refer to DOT number 214.382-014. This is the job title that the VE discussed during the administrative hearing and which corresponds to Renee G.'s past relevant work. The ALJ's typographical error is no reason to remand this case.

Fourth, Renee G. argues that the position referenced by the ALJ, and identified at DOT number 214.382-014, "appears to be a billing clerk in any industry" and that this is "a coarse oversimplification for someone who spent 39 years working for the same life insurance company." But there is no requirement that an ALJ identify a DOT position that exists in the same industry as a claimant's past relevant work. Instead, the ALJ is required to consider whether a claimant "can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy" considering the physical and mental limitations imposed in the RFC. *See* 20 C.F.R. §§ 404.1560(b), 416.960(b). Here, the ALJ properly relied on the VE's testimony that Renee G. could perform the work identified at DOT number 214.382-014 and concluded that Renee G. could perform her past relevant work.

Next, Renee G. argues that the ALJ's determination that her mental impairments were non-severe is "internally inconsistent" with the ALJ's findings regarding her social limitations. This argument is also without merit. At step two, the ALJ properly found that Renee G.'s "medically

determinable mental impairment of affective disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (Tr. 19.) This finding is consistent with the ALJ's RFC determination, which limits Renee G. to "interact[ing] with the public, supervisors, coworkers, and peers frequently." This determination is supported by substantial evidence. (*See* Tr. 19-22, 330-40.)

To the extent that Renee G. argues that the ALJ should have classified her mental impairments as severe, this argument is also without merit. Because Renee G. made the threshold showing that she had at least one severe impairment, the ALJ continued with the sequential evaluation process and properly considered all impairments, both severe and non-severe, that significantly impacted her ability to work. The ALJ discussed Renee G.'s mental impairment throughout the decision. It is apparent that the ALJ considered the effect of Renee G.'s mental impairment on its own and in combination with her other impairments when formulating the RFC. Any step two error, therefore, does not necessitate remand.

Finally, to the extent that Renee G. argues that the ALJ improperly assigned weight to certain medical opinions, this argument is also without merit. The ALJ adequately explained the weight assigned to each medical opinion and explained why such weight was assigned. For the reasons set forth in the Commissioner's brief (ECF No. 12-1 at 12-4), the ALJ's decision in this regard is supported by substantial evidence.

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Renee G.'s position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). I find that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards.

For the reasons set forth herein, Renee G.'s Motion for Summary Judgment (ECF No. 11) will be **DENIED**, and the Commissioner's Motion for Summary Judgment (ECF No. 12) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/
Timothy J. Sullivan
United States Magistrate Judge